UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
In re:

GABRIELLE CROCKETT

                Debtor

---

| | |
|---|---|
| GABRIELLE CROCKETT<br>10 Orleans St.<br>Rochester, New York 14611<br>            Plaintiff,<br><br>-against-<br><br>COUNTY OF MONROE AND<br>THOMAS ELLIS, third party purchase of 10 Orleans St. at tax foreclosure auction held on September 26, 2023<br>            Defendants. | COMPLAINT<br><br>ADVERSARY PROCEEDING<br><br>BK# 23-20537<br>AP# |

## 1. PRELIMINARY STATEMENT

1. This is an adversary Proceeding by Plaintiff GABRIELLE CROCKETT, (hereafter "Debtor") against Defendants, MONROE COUNTY (hereafter "Monroe County") and THOMAS ELLIS, (hereafter ("property purchaser") to avoid the tax foreclosure of her family home at 10 Orleans St., Rochester, N.Y. 14611, as a fraudulent conveyance, pursuant to 11 U.S.C Sec. 548(a)(1)(b) and U.S. C. sec. 522 (h). Monroe County obtained a judgment of foreclosure due to property tax arrears of $3.765.44, far less than the value of the property. The property tax foreclosure auction was held on September 26, 2023. The purchaser at the sale was Thomas Ellis . The purchase price was $6000.00. The chapter 13 filing was after the date of sale. The completion of the sale has been stayed by the bankruptcy filing. Defendants have moved to remove the automatic stay which is pending for February 8, 2024.

2. On October 24, 2023, Debtor filed her Chapter 13 petition. Her plan provides for full payment of the Monroe County property tax arrears, and 100% of the existing City of Rochester tax arrears of $2000.00. Debtor's only other secured debt is the balance of the loan on her vehicle which will be paid through the plan per agreement with the lender who is cooperating with Plaintiff by agreeing to a lower interest rate. Unsecured debts should not exceed $1000.00. Debtor seeks to preserve her family home for her and her autistic six year old child and to bring the asset back into the estate for the benefit of her creditors while allowing her to preserve her legal and possessory rights which have been held by her family for over 70 years.

. 3. Debtor seeks judgment from this Court avoiding the transfer and sale of title to Debtor's home and restoring debtor's ownership and possessory rights therein.

## II. JURISDICTION

4. On October 24, 2023, Debtor filed a petition in the above-captioned proceeding under Chapter 13 of the U.S. Bankruptcy Act.

5. Debtor has claimed her home at 10 Orleans St. as an exempt asset pursuant to 11 U.S.C. Sec. 522(d)(1). Defendants have not objected to this exemption.

6. This is a core proceeding pursuant to 28 U.S.C. Sec. 157(b)(2)(E) and (H).

7. The Court has jurisdiction over applications to avoid a transfer of an asset for less than reasonably equivalent value if the debtor was insolvent or rendered insolvent as of the date of transfer. 11 U.S.C sec. 548(a)(1)(B); 11 U.S. C. Sec. 522(h).

## III. PARTIES

8. Plaintiff is Debtor, Gabrielle Crockett. She is the current owner of 10 Orleans St. which is her family home originally owned by her mother who owned and lived in the property with her family starting in the early 1970s. Her mother steadily paid the mortgage over the years

and when she transferred it to Debtor in 2017 it was free and clear.

9. Defendant, MONROE COUNTY is a duly constituted county located in New York State. The responsibilities of Monroe County include collecting taxes assessed on real property within the county.

10. Defendant, THOMAS ELLIS is the third-party purchaser of Debtor's home at 10 Orleans St., at the property tax foreclosure auction held by Monroe County on September 26, 2023.

## IV. STATUTORY FRAMEWORK

11. The foreclosure sale was conducted pursuant to the Monroe County In Rem Tax Foreclosure Act. (MCIRTFA)

12. Under a judgment of foreclosure obtained by Monroe County the homeowner loses the ownership of such property and all rights in that property in favor of the County and any third party purchaser except the homeowner may participate in surplus money proceedings. Where as here, the property is sold for a small amount of money in excess of the tax owed, no surplus exists. Debtor, a single mother, with her six year old child, came upon hard times and starting in 2019 was unable to afford the payment of the tax. Nor at any time was she able to enter into a repayment plan for property tax arrearages or to redeem the property after the deadline provided by the statute.

13. In this case, because of the inadequate sale of the property, not only the Debtor but her creditors will obtain nothing and there is an unwarranted gain to the Defendants.

14. Under 11 U.S.C. sec. 548(a)(1)(B)(I) and (ii(I) the chapter 13 Trustee may avoid any transfer by a debtor, whether voluntary or involuntary, that was made within two years of the filing of the petition, if the debtor received less than a reasonably equivalent value in exchange

for such transfer and was made insolvent because of such transfer.

## V. STATEMENT OF FACTS

A. **Subject Premises and Debtor's Household**.

15. The subject property consists of a single family home situated on less than one tenth of an acre of land located at 10 Orleans St., in the City of Rochester, Monroe County, New York. This property is designated as Monroe County property tax parcel 1290.26-3-43.

16. At the time the tax foreclosure was commenced, in 2023, the subject property was assessed by the City of Rochester assessor's office at $27,900.00. Debtor has valued it at $30,000 in her Ch. 13 bankruptcy which valuation has not been objected to by Defendants.

17. Debtor has lived in the property her entire life. Her mother purchased the house in 1974 and continued to live in the property with her daughter, the Debtor until 2017 when she transferred it to the Debtor who continues to live in the property with her autisti 6 year old son. There is no other household member. Debtor owns no other property but 10 Orleans St.

18. Since the Ch. 13 petition was filed debtor has sustained an illness and has d to be confined to the hospital for about three weeks. Under the terms of her employment with her employer, Seven Eleven she was terminated from her job and is currently unemployed.

19. Debtor's intention is to remain in her home with her six year old child. She received a termination benefit from her employer which she immediately turned over to the Ch. 13 Trustee in support of her plan. Her Ch. 13 plan provides that all outstanding taxes and other debts be paid at 100%. She has applied for unemployment insurance and will be able to continue to make full payments to the Plan with those benefits. She is extremely employable and expects to receive new employment in the very near future. She is confident that this income will easily allow her to make the $590.00 a month plan payment as well as future tax payments

since her only debts consist of the County of Monroe tax arrears of $3765.44, the City of Rochester tax arrears of $2000.00 and her car payment which the lender has agreed to be reduced to $390.00 per month under the plan. Only one unsecured creditor exists with a filed claim of under $1000.00.

B.  State Court Proceedings.

20. Under the MCIRTFA, the County commenced an in rem tax foreclosure action on March 29, 2023. On September 26, 2023 the County publicly advertised a tax foreclosure auction during which the property was sold to Thomas Ellis, the highest bidder, for $6000.00.

C. **Bankruptcy court Proceedings**

21. On October 24, 2023 Debtor filed the above captioned Ch. 13 proceeding. Debtor proposes in her Ch. 13 Plan to pay 100% of the property tax arrears of $3765.44 plus any subsequent taxes owed as assessed by Monroe County. Debtor further proposes to pay 100% of the City of Rochester tax arrears plus any subsequent taxes imposed by the City. Debtor will also pay 100% to the unsecured creditors. Debtor proposes payments to the Ch.13 Trustee directly through the TFS program.

22. Debtor has claimed 10 Orleans St as exempt pursuant to U.S..C Sec. 522(d)(5). which exemption has not been challenged.

. 23. Debtor asserts that retention of 10 Orleans St. is essential for her reorganization. Debtor is seeking to avoid the transfer of her family home in order to preserve it for her and her son and pay off creditors through the Ch. 13 plan that was filed on October 24, 2023. If the transfer and sale of 10 Orleans St. is allowed to stand, one creditor, Monroe County will benefit at the expense of the other creditors and Debtor will lose the equity built up by her family over the

years.

24. The Ch. 13 Trustee has not attempted to set aside the transfer of Debtors home to the Defendants , pursuant to 11 U.S.C. Sec. 548(a)(1)(B). Debtor asserts the power to step into the shoes of the Trustee to avoid the transfer under `11U.S.C. Sec522(h).

D. **The tax foreclosure of Debtor's home was a fraudulent transfer**

    i. **Debtor has an interest in the property**.

25. The subject property consists of a single family home on a tenth of an acre at 10 Orleans St, City of Rochester, Monroe County, New York.

26. Debtor owns this property by virtue of a deed, dated December 28, 2017 recorded in the Monroe County Clerk's Office on December 28, 2017 in Liber 11966 of Deeds at page 692.

27. Debtor's home is not encumbered by any mortgage , outstanding judgment or liens other than the subject Monroe County tax lien and the tax lien of the City of Rochester.

28. On March 29,2023 Monroe County commenced its tax foreclosure action following which a judgment of foreclosure in the in rem proceeding, was filed against Debtor's home of for the unpaid County taxes.

    ii.

29. On October 24, 2023 Debtor filed the above captioned Chapter 13 petition which is within two years of the sale of the property.

    iii. **The transfer was without reasonable equivalent value**.

. 30. The foreclosure sale to Defendant Ellis of debtor's home was for the amount of $6000.00, well below the value listed in the bankruptcy of $30,000.00 which value was not challenged by Defendants. Debtor thus lost the ownership and all rights in that property and her

100% equity in the property over a relatively small tax lien. If the property had been sold for reasonable value there would have been substantial surplus monies which would enure to the benefit of Debtor and her creditors under the provisions of the statute.

31. Monroe County foreclosed on Debtor's home for the sum of $3765.44 . As a result of the foreclosure sale, it will be paid the amount of its lien including expenses and the third party purchaser will be able to benefitt from any proceeds it receives from its sale of the property.

32. Debtor is entitled to avoidance of the sale of her home as the transfer could have been avoided by the Trustee under 11 U,.S.C. Sec . 548(a)(1)(B) and because the Trustee has not attempted to avoid the transfer.

33. Pursuant to U.S.C. Sec. 548(a))(1)(B), the Chapter 13 Trustee may avoid any transfer by the Debtor, whether voluntary or involuntary that was made within 2 years of the filing of the petition, if the Debtor received less than a reasonably equivalent value in exchange for such transfer and was made insolvent by the transfer.

 iv. **The Debtor was rendered insolvent by the sale.**

34. Debtor was rendered insolvent by the involuntary sale of her home. At the time of sale, the value of her debts outweighed the value of her non-exempt assets. Her assets and liabilities are set forth in the schedules of her Chapter 13 filing and reflect her financial status as of the date of the sale.

## VI. CLAIM FOR RELIEF

A__ **Claim for Relief, as to Defendants**

35. Under Article 11 of the NYRPTL, a judgment of foreclosure and sale obtained by the County results in the loss of ownership of such property and all rights in that property except that the Debtor may claim surplus monies if they exist.

36. Debtor is entitled to avoidance of the transfer of her home by tax pursuant to 11 U.S.C. sec. 522(h), as the transfer could have been avoided by the Trustee under 11 U.S.C sec. 548d(a)(1)(B) and because the Trustee has not attempted to avoid the transfer.

37. Pursuant to 11U.S.C. Sec. 5478 (a)(1)(B). the chapter 13 Trustee may avoid any transfer by the debtor, whether voluntary or involuntary, that was made within 2 years of the filing of the petition. , if the debtor received less than a reasonably equivalent value in exchange for such transfer and was made insolvent by the transfer.

38. Debtor has claimed her home as exempt pursuant New York CPLR Sec. 5206. The state homestead exemption, when claimed in a chapter 13 proceeding, is applicable to avoidance of the transfer of homesteads in property tax foreclosures

39. Debtor filed a Chapter 13 repayment plan on October 24, 2023, within 2 years of the sale.

40. The sale of Debtor's home for $6000.00, pursuant to a foreclosure judgment obtained by Defendant, County of Monroe, dated September 26, 2023 as a result of unpaid property taxes assessed against Debtor's home in the amount of $3765.44 was not for reasonably equivalent value.

41. The transfer of the Debtor's home to Monroe County and subsequent sale to a third party purchaser was involuntary and without reasonably equivalent value and the transfer rendered the Debtor insolvent.

WHEREFORE , Debtor, the Plaintiff, respectfully requests that the Court enter judgment against the Defendants:

1. Avoiding the transfer of title of Debtor's home to Defendant Monroe County and the subsequent sale of her home to the Defendant, Thomas Ellis, in the in rem property tax

foreclosure brought against her home for unpaid property taxes.

    2.     Restoring Debtor's ownership and possessory rights to her home, as set forth in the deed dated December 28, 2017, and recorded in the Monroe County Clerk's Office in Liber 11966 of Deeds at page 0692 on December 28, 2017.

    3     Granting Debtor such other and further relief as may be deemed just and proper.

Dated: January 29, 2024
       Pittsford, New York

s/ Bernard D. Levine
_____
Bernard D. Levine, Esq.
Attorney for Plaintiff/Debtor
70 Linden Oaks office Park, 300
Rochester, New York 14625
Tele. 585 230 8741
Email: levinebern@gmail.com